UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PATTERSON LAW GROUP;<br>TRAVIS PATTERSON, ESQ.;<br>TENNESSEE WALKER, ESQ.;<br>LAW OFFICE OF ROBERT L.<br>HENRY, P.C.;<br>ROBERT L. HENRY, ESQ.;<br>AMBLERLAW, PLLC;<br>RACHEL AMBLER, ESQ.;<br>DURHAM, PITTARD & SPALDING,<br>LLP; JUSTIN R. KAUFMAN, ESQ.;<br><br>   *Plaintiffs*,<br><br>vs.<br><br>ROCKET VERTICALS, INC.;<br>JASDEEP SINGH;<br>PROACCIDENTINJURYLAWYERS.COM;<br><br>   *Defendants*. | CASE NO. 4:20-cv-802<br><br>JURY TRIAL DEMANDED |

ORIGINAL CLASS COMPLAINT

Plaintiffs, individually and as class representatives of the putative class, defined below, by and through the undersigned attorneys, bring this action against the above-named Defendants and respectfully state:

I.
NATURE OF THE CASE

1.  This is an action at law and in equity for false advertising, trademark infringement, trademark dilution, copyright infringement, unfair competition, and violation of the federal Lanham Act arising from Defendants' unauthorized use of Plaintiffs' good names, images, biographies, and accomplishments to advertise and sell "legal leads" to other attorneys (currently non-parties) throughout the country.

2.      Plaintiffs are accomplished, respected attorneys licensed in Texas and New Mexico.  Plaintiffs are the exclusive owners of their likenesses, names, law firms, and trademark rights, developed over decades of collective legal work and scholarship (Plaintiffs' "Marks").

3.      Defendants are non-lawyers who deceptively operate numerous legal referral service websites throughout the United States.  The websites look like legitimate attorney websites,[1] claiming to offer "POWERFUL REPRESENTATION FOR YOUR INJURY CASE IN TEXAS" and elsewhere.  Defendants' websites represent repeatedly they are "Texas Personal Injury Lawyers," link to "RECENT LEGAL BLOG POSTS," and provide dubious legal advice, such as "Personal injury law guarantees you monetary compensation for all the expenses related to the treatment of your injuries…" *Id.*

4.      Defendants' websites include the names, images, pictures and information about "TOP LAWYERS," including Plaintiffs and the putative class members, whom a prospective client can purportedly "call now to schedule a free consultation."  *Id.* Defendants' websites falsely claim, in very fine print, that "**You should assume** that this website **has an affiliate relationship** and/or another **material connection to the persons or business mentioned** in or linked to from [sic] this page…" *Id.* (emphasis added).

5.      In reality, neither Plaintiffs nor the putative class members have any connection, affiliation, or relationship with Defendants whatsoever—Defendants simply stole Plaintiffs' images and copyrighted material and used them to falsely advertise their

---

[1] Though appearing legitimate, Defendants' websites would fail basic State Bar scrutiny. *See, e.g.*, TEX. DISC. R. PROF. CONDUCT, Sect. VII, *available at* https://www.texasbar.com/Content/NavigationMenu/ForLawyers/MembershipInformation/AdvertisingReview2/TDRPC_VII.pdf (last accessed July 22, 2020).

"services."

6.      To complete the ruse, the telephone numbers Defendants list next to Plaintiffs' images, biographies, and names do not connect a potential client to the listed attorney.  *See* Exhibits A, B, C, D.

7.      Instead, unsuspecting members of the public are tricked into calling a call center, where an operator, pretending to be a law firm receptionist, takes down the client's case information. If a caller asks to speak with the attorney listed on the website, the receptionist falsely informs the caller that the attorney is "on another line."  *See* Exhibit D, Declaration of Travis Patterson.



*Click HERE to Play Video of Defendants' call center telling*
*Travis Patterson that Travis Patterson was "on the other line."[2]*

---

[2]Available at  https://www.youtube.com/watch?v=3eQEEYu2FNY (last accessed July 28, 2020).

8.     After duping potential clients into providing confidential case information and personal information, Defendants' then sell that information to other "lead generation" companies and attorneys who pay for confidential client information and potential cases.

9.     Again, Defendants are not connected to or affiliated with Plaintiffs in any way, nor do Defendants have permission from Plaintiffs to use any of their images, copyrights, biographical information, trademarks or any other intellectual property belonging to Plaintiffs. *Id.*

10.     Defendants and their end-user attorney customers are exploiting the Plaintiffs' and putative class's names and reputations for their own commercial gain, intending to confuse and deceive the public by drawing on Plaintiffs' and the putative class's goodwill in the marketplace. By advertising a false legal website using Plaintiffs' images, biographies, names, and information next to a false telephone number, Defendants intend to, are likely to, and do cause confusion and deceive consumers and the public regarding the source of the advertised "legal service," all to the detriment of Plaintiffs and the putative class.

## II.
## PARTIES

11.     Plaintiff Patterson Law Group ("PLG") is a Texas general partnership with its principal place of business in Tarrant County, Texas.  PLG is a citizen of Texas.

12.     Plaintiff Travis Patterson is an individual attorney, resident of Tarrant County, Texas, and is a citizen of Texas.

13.     Plaintiff Tennessee Walker is an individual attorney, resident of Tarrant County, Texas, and is a citizen of Texas.

14.     Plaintiff law office of Robert L. Henry, P.C. is a Texas professional corporation with its principal place of business in Tarrant County, Texas, and is a citizen of Texas

15.     Plaintiff Robert L. Henry is an individual attorney, resident of Tarrant County, Texas, and is a citizen of Texas.

16.     Plaintiff AmblerLaw, PLLC is a Texas professional limited liability company, resident of Ector County, Texas, and is a citizen of Texas.

17.     Plaintiff Rachel Ambler is an individual attorney, resident of Ector County, Texas, and is a citizen of Texas.

18.     Plaintiff Durham, Pittard & Spalding, LLP is a Texas Limited Liability Partnership and with its principal place of business in Texas.

19.     Plaintiff Justin R. Kaufman is an individual attorney who resides in New Mexico and who is a New Mexico citizen.

20.     Defendant Rocket Verticals, Inc. ("Rocket") is a Texas Corporation with its principal place of business in Collin County, Texas.  Rocket advertised and sold goods and services in the State of Texas.  Rocket is a citizen of Texas.

21.     On information and belief, Defendant Jasdeep Singh is a resident of Collin County, Texas and citizen of Texas.  Singh is the sole owner of Rocket, and personally engaged in tortious conduct and fraud in connection with Rocket and his websites.

22.     PROACCIDENTINJURYLAWYERS.COM (the "Website") is a website owned and operated by Singh and Rocket.  Singh and Rocket advertise the Website as a corporate entity on the Website, and so it is treated as a separate Defendant here.  The residency and citizenship of the Website is not known at this time.

## III.
## JURISDICTION AND VENUE

23.     This action arises under the Trademark Laws of the United States, 15 U.S.C. §

1051, et seq. Accordingly, original jurisdiction over this case is conferred pursuant to 15 U.S.C.

§§ 1121, 1125.

24.     In addition, this Court has jurisdiction pursuant to the Class Action Fairness Act,

28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds $5 million, exclusive of

interest and costs, and is a class action in which at least one member of the Class is a citizen of a

state different from Defendants.  Plaintiffs are citizens of Texas and New Mexico, while

Defendants are citizens of Texas.  None of the exceptions to jurisdiction listed in 28 U.S.C. §

1332(d)(3) or (4) apply.

25.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) insofar as

Plaintiffs PLG, Patterson, Walker, and Henry reside in this district and a substantial part of the

events giving rise to the claim occurred in this district.

26.     This Court has personal jurisdiction over Defendants because Defendants

conduct business in this district and in the State of Texas.

27.     Defendants maintain websites, which are accessible to everyone in Texas who

owns a personal computer or otherwise has access to the internet. Defendants' websites

specifically target Texas citizens and residents as demonstrated by the following image:

*See* <u>Exhibit E.</u>

28.      Defendants transacted and conducted business within the State of Texas that relates to the allegations in this Complaint.

29.      Defendants derived substantial revenue from goods and products used in the State of Texas.

30.      Defendants expected or should have expected their acts to have consequences within the State of Texas, and derived substantial revenue from interstate commerce.

31.      Defendant Rocket is authorized to do business in Texas and derives substantial income from doing business in this state. Defendants purposefully availed themselves of the

privilege of conducting activities with the State of Texas, thus invoking the benefits and

protections of its laws.

## IV.
## EQUITABLE TOLLING OF APPLICABLE STATUTE OF LIMITATIONS

32.     Plaintiffs incorporate by reference all previous paragraphs of this Complaint as

if fully set forth herein and further allege as follows:

33.     The running of any statute of limitations is tolled by reason of Defendants'

fraudulent concealment. Defendants, through their affirmative misrepresentations and omissions

hid from Plaintiffs the true nature and extent of their wrongful conduct and actions.  *See* Exhibit

A, Declaration Plaintiff Patterson.

## V.
## CLASS ACTION ALLEGATIONS

34.     The putative class is defined as follows:

All non-excluded attorneys and law firms who Defendants included, listed, referenced, provided images or likenesses of, or who are named on any of Defendants' website(s) that offered or purported to offer legal services, legal referrals, legal advice, or legal contacts, but where such attorney or law firm did not provide Defendants permission to use the attorney's or law firm's name, image, likeness, biographical details, reputation, intellectual property, or trademark or copyright material (the "Class").

35.     Excluded from the Class are the following persons: (i) Defendants' officers and

directors; (ii) Class counsel; (iii) the judges who presided over this litigation; (iv) any person or

entity that Plaintiffs' counsel is, or may be, prohibited from representing.

36.     Certification of Plaintiffs' claims for class-wide treatment is appropriate because

Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as

would be used to prove those elements in individual actions alleging the same claims.

37.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all members of the Class is impracticable.  On information and belief, there are thousands of attorneys and law firms who have been damaged by the Defendants' wrongful conduct as alleged herein. The precise number of members of the Class and their addresses is presently unknown to Plaintiffs. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

38.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual members of the Class, including, without limitation:

      a.     whether the Defendants engaged in the conduct as alleged herein; and

      b.     whether Plaintiffs are entitled to legal and equitable relief, including, but not limited to, payment for damages, injunctive relief, disgorgement of profits, and exemplary damages.

39.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiffs' claims are typical of the claims of the other members of the Class because, among other things, all members of the Class have suffered or will suffer financial damages and reputational damages as a result of the uniform misconduct described above.

40.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are an adequate representative of the Class because their interests do not conflict with the interests of the members of the Class they seeks to represent; they have retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiffs intend to prosecute this action vigorously.  The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

41.        **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The costs of current or future testing for diagnostic purposes are relatively small compared to the burden and expense that would be required to individually litigate Class Members' individual claims against the Defendants. The class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.
## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### UNFAIR COMPETITION UNDER FEDERAL LAW (15 U.S.C. § 1125(a))
**(Individually and on Behalf of the Class)**

42.        Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

43.        Defendants' conduct constitutes unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' use of Plaintiffs' names, images, and trademarks is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' services.

44.        Defendants' conduct is, and has been, willful and deliberate.

45.        Defendants' conduct has caused, and is causing, immediate and irreparable harm to Plaintiffs. Plaintiffs have no adequate remedy at law sufficient to fully remedy Defendants' conduct and unless the Defendants are permanently enjoined, the Defendants' conduct will continue to cause Plaintiffs irreparable harm.

46.      Plaintiffs have been and will continue to be damaged by Defendants' conduct in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

## TRADEMARK DILUTION UNDER FEDERAL LAW (15 U.S.C. § 1125(c))
**(Individually and on Behalf of the Class)**

47.      Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

48.      Plaintiffs' names, images, copyrights, and trademarks are inherently distinctive. By virtue of Plaintiffs' extensive legal experience, advertising and promotion of their Marks for years, the Marks have acquired distinctiveness in the marketplace and has become famous as a designation of source of Plaintiffs' services such that the Marks are uniquely associated with Plaintiffs and widely recognized by the general consuming public in search of legal representation.

49.      Defendants' use of Plaintiffs' Marks to direct consumers and the general public to their website in order to advertise the services of direct competitors of the Plaintiffs, which began after Plaintiffs' Marks became well-known, has diluted, or is likely to dilute, and unless restrained will continue to dilute, the distinctive quality of the Marks by destroying the exclusive association between the Marks and Plaintiffs' superior services, or otherwise lessening the capacity of the Marks to exclusively identify Plaintiffs and their services.

50.      Defendants' conduct constitutes trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

51.      Defendants' conduct is, and has been, willful and deliberate.

52.      Defendants' conduct has caused, and is causing, immediate and irreparable harm

to Plaintiffs. Plaintiffs have no adequate remedy at law sufficient to fully remedy Defendants'

conduct and unless the Defendants are permanently enjoined, Defendants' conduct will continue

to cause Plaintiffs irreparable harm.

53.     Plaintiffs have been, and will continue to be, damaged by Defendants' conduct

in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### INJURY TO BUSINESS REPUTATION AND DILUTION
**(Individually and on Behalf of the Class)**

54.     Plaintiffs incorporate herein by reference the averments of the preceding

paragraphs as though fully set forth herein.

55.     Plaintiffs' names, trademarks, reputation, and copyrights are well-known and

distinctive. By virtue of Plaintiffs' extensive experience, advertising, and promotion of the

Marks, the Marks have acquired distinctiveness in the marketplace and have become famous

as a designation of source of Plaintiffs' services such that the Marks are uniquely

associated with Plaintiffs and widely recognized by the general consuming public nationally

and in Texas.

56.     Defendants' use of Plaintiffs' Marks to direct consumers and the general public

to their website in order to advertise the services of direct competitors of the Plaintiff, which

began after Plaintiffs' Marks became well-known has diluted, or is likely to dilute, and unless

restrained will continue to dilute, the distinctive quality of the Marks by destroying the exclusive

association between the Marks and Plaintiffs' services, or otherwise lessening the capacity of the

Marks to exclusively identify Plaintiffs and its services.

57.     Defendants' conduct constitutes trademark dilution under Texas Business and

Commerce Code Section 16.103.

58. Defendants' conduct is, and has been, willful and deliberate

59. Defendants' conduct has cause, and is causing, immediate and irreparable harm to Plaintiffs. Plaintiffs have no adequate remedy at law sufficient to fully remedy Defendants' conduct, and unless Defendants are permanently enjoined, Defendants' conduct will continue to cause Plaintiffs irreparable harm.

60. By their actions, Defendants have gained financial benefit for themselves and have caused financial loss and damages to Plaintiffs

61. Plaintiffs have been and will continue to be damaged by Defendants' conduct in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
(Individually and on Behalf of the Class)

62. Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

63. Plaintiffs are the exclusive owners of the valid Marks in connection with the legal services, names, images, and reputations they have earned over the past several years.

64. Defendants' use of Plaintiffs' Marks, in connection with its legal referral services, without the authorization or consent of Plaintiffs, is likely to cause confusion and mistake and to deceive consumers as to the source, origin, sponsorship, or affiliation of Defendants' services and constitutes trademark infringement, unfair competition, dilution, and misappropriation of Plaintiffs' goodwill and reputation.

65. Defendants' conduct is, and has been, willful and deliberate.

66.     Defendants' conduct causes immediate and irreparable harm to Plaintiffs. Plaintiffs have no adequate remedy at law sufficient to fully remedy Defendants' conduct and, unless Defendants are enjoined, Defendants' conduct will continue to cause Plaintiffs irreparable harm.

67.     Plaintiffs have been, and will continue to be, harmed by Defendants' infringement of the Mark in an amount subject to proof.

## FIFTH CLAIM FOR RELIEF

### INFRINGEMENT, UNFAIR COMPETITION AND FALSE ADVERTISING
**(Individually and on Behalf of the Class)**

68.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

69.     Plaintiffs are the exclusive owner of the valid Marks.

70.     Defendants' use of Plaintiffs' Marks, in connection with its advertisement of their services (as evidenced above), without the authorization or consent of Plaintiffs, is likely to cause confusion and mistake, and to deceive consumers as to the source, origin, sponsorship, or affiliation of the service Defendants' are advertising and constitutes trademark infringement, unfair competition, dilution and misappropriation of Plaintiffs' goodwill and reputation.

71.     Defendants' conduct is, and has been, willful and deliberate.

72.     Defendants' conduct constitutes unfair competition under Plaintiffs have been and is likely to be damaged by Defendants' deceptive trade practice(s).

73.     Defendants' conduct constitutes false advertising. Defendants' advertisements contain material assertions, representations, or statement of fact which are

untrue, deceptive, or  misleading.

74.     Defendants' conduct causes immediate irreparable harm to Plaintiffs. Plaintiffs have no adequate remedy at law sufficient to fully remedy Defendants' conduct and, unless Defendants are enjoined, Defendants' conduct will continue to cause Plaintiffs irreparable harm.

75.     Plaintiffs have been and will continue to be harmed Defendants' infringement of the Mark in an amount subject to proof.

## SEVENTH CLAIM FOR RELIEF

### ALTER EGO /VEIL PIERCING
**(Individually and on Behalf of the Class)**

76.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

77.     The foregoing underlying tort claims were committed by Defendants both individually and as alter egos of each other. The foregoing underlying tort claims were committed  by Mr. Singh and the Website both individually and as alter egos of the Rocket Defendant.

78.     Defendants' conduct should not be shielded by their respective jural separateness  and therefore the Court should find that they are mere alter egos of each other and individually  liable as well as joint and severally liable.

## EIGHTH CLAIM FOR RELIEF

### PASSING OFF
**(Individually and on Behalf of the Class)**

79.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

80.     Plaintiffs are the exclusive owner of the valid Marks in connection with the provision of legal services.

81.     Defendants' use of Plaintiffs' names, images, copyrights and trademarks in connection  with their advertisements of referring potential clients to other attorneys (as evidenced above), without   the authorization or consent of Plaintiffs, is likely to cause confusion and mistake, and to  deceive consumers as to the source, origin, sponsorship, or affiliation  of  the  service  Defendants'   are  advertising  and  constitutes  trademark infringement, unfair competition, dilution, and  misappropriation of Plaintiffs' goodwill and reputation.

82.     Defendants' conduct is, and has been, willful and deliberate.

83.     Defendants' conduct constitutes passing off. Plaintiffs have been and is likely to  be  damaged  by  Defendants'  deceptive  trade  practice(s).  Defendants  are  passing  off goods  or   services  as  those  of  Plaintiffs  and/or  are  engaging  in  "reverse  passing  off." Defendants are causing the likelihood of confusion or of misunderstanding as to the source of their or Plaintiffs' goods or services. Defendants are engaging in conduct which similarly creates a likelihood  of confusion or of misunderstanding.

84.     Defendants'  conduct  causes  immediate  irreparable  harm  to  Plaintiffs. Plaintiffs have no adequate remedy at law sufficient to fully remedy Defendants' conduct and, unless  Defendants are enjoined, Defendants' conduct will continue to cause Plaintiffs irreparable  harm.

85.     Plaintiffs have been, and will continue to be, harmed by Defendants' infringement of the Mark in an amount subject to proof.

**NINTH CLAIM FOR RELIEF**

**UNJUST ENRICHMENT**
**(Individually and on Behalf of the Class)**

86.    Plaintiffs adopt and incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

87.    Defendants receive significant revenues from the misuse of Plaintiffs' names, images, copyrights and trademarks.

88.    Under principles of equity and good conscience, Defendants should not be permitted to retain the profits they receive at the expense of Plaintiffs and the Class while refusing to pay for damages Plaintiffs and the Class incurred as a result of Defendants' unlawful actions.

89.    Plaintiffs, individually and on behalf of the Class, seek restitution and/or disgorgement of all monies Defendants have unjustly received as a result of their conduct alleged herein.

**VII.**
**PRAYER**

WHEREFORE, Plaintiffs prays for judgment against Defendant, including an Order:

    (i)    That Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, are temporarily, preliminarily, and permanently enjoined from using Plaintiffs' images, likenesses, names, biographical information, trademarks, copyrights, logos, trade names, internet domain names, or any other source identifier or symbol of origin that is confusingly similar to Plaintiffs' marks or likely to dilute their distinctive quality;

    (ii)    Barring Defendants from engaging in any other act or practice that deceives consumers, the public, and/or trade, including without limitation, the use of designations, and design elements associated with Plaintiffs;

    (iii)    For an accounting by Defendants of all gains, profits, and advantages derived from their wrongful acts;

(iv)   Awarding Plaintiffs and the Class all of Defendants' profits and all damages sustained by Plaintiffs and the Class as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b).

(v)   Awarding treble damages in the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

(vi)   Awarding applicable interest, costs, disbursements, and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

(vii)   Awarding compensatory damages in excess of the jurisdictional amount, including, but not limited to noneconomic damages in an amount to be determined at trial of this action;

(viii)   Awarding compensatory damages to Plaintiff for past and future damages, including, but not limited to, Plaintiffs' costs and economic loss;

(ix)   Awarding punitive damages in an amount sufficient to both punish Defendant for its misconduct and to deter such actions in the future;

(x)   Awarding pre-judgment interest;

(xi)   Awarding post-judgment interest;

(xii)   Awarding Plaintiff their reasonable attorney fees;

(xiii)   Awarding Plaintiff the costs of these proceedings; and

(xiv)   Awarding Plaintiff such other and future relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues.

Dated: July 30, 2020.

Respectfully submitted,

*/s/ Vincent P. Circelli*
Vincent P. Circelli
State Bar No. 24058804
vinny@cwylaw.com
Kelli L. Walter
State Bar No. 24074576
kelli@cwylaw.com

**CIRCELLI, WALTER & YOUNG, PLLC**
Tindall Square Warehouse
500 E. 4th Street, Suite 250
Fort Worth, Texas 76102
(817) 697-4942 telephone

**ATTORNEYS FOR PLAINTIFFS**