IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PATTERSON LAW GROUP et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00802-P |
| | § | |
| ROCKET VERTICALS, INC. et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs Patterson Law Group; Travis Patterson, Esq.; Tennessee Walker, Esq.; Law Office of Robert L. Henry, P.C.; Robert L. Henry, Esq.; Amerlaw, PLLC; Rachel Ambler, Esq.; Durham, Pittard & Spalding, LLP; and Justin R. Kaufman, Esq. ("Plaintiffs") filed their Complaint (ECF No. 1) on July 30, 2020, against Defendants Rocket Verticals, Inc.; Jasdeep Singh; and Proaccidentinjurylawyers.com ("Defendants"). Plaintiffs asserted claims for unfair competition, trademark dilution, injury to business reputation and dilution, common law trademark infringement and unfair competition, infringement, unfair competition and false advertising, alter ego/veil piercing, passing off, and unjust enrichment, and Plaintiffs sought monetary damages and injunctive relief. *Id.* Summonses were returned as executed as to all three Defendants with service completed on August 3, 2020. *See* ECF Nos. 5–7.

Now before the Court is Plaintiffs' Motion for Default Judgment and Permanent Injunction. ECF No. 17. Also before the Court is Plaintiffs' supplemental status report

(ECF No. 18) in which Plaintiffs affirm that Defendants are unopposed to the motion for default judgment and permanent injunction. Accordingly, the Court finds that it should and hereby does **GRANT** Plaintiffs' Motion for Default Judgment and for Entry of Permanent Injunction.

## DEFAULT JUDGMENT

As of the date of this order, Defendants have not offered any evidence that their failure to appear is the product of "a good faith mistake or excuse." Motion for Default J. at 2. Defendants have not responded to Plaintiffs' complaint in the five months since they were served, which has substantially prejudiced the Plaintiffs' interest in resolving their claims against Defendants. *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversarial process to a halt). Since Defendants have had ample time to appear in this action, a default judgment would not be unusually harsh. *See id*. No material issues of fact have been placed in dispute due to the Defendants' failure to respond to the Complaint. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). The grounds for default judgment are clearly established, as the Defendants were properly served with the summonses and Complaint but failed to answer or otherwise appear in this action. Pls.' Motion for Default J. at 5. Accordingly, the Court is of the opinion that the procedural prerequisites to entering default judgment are satisfied. Plaintiffs' Motion for Default Judgment should be and hereby is **GRANTED.**

## PERMANENT INJUNCTION

Next, the Court must determine whether it would be appropriate to award Plaintiffs their request for entry of this *Permanent Injunction*. The Court finds that the parties agreed to the entry of a preliminary injunction while this case was pending (ECF No. 18), that Defendants failed to answer the lawsuit and so are deemed to admit all allegations and claims made against them therein, and that Plaintiffs have submitted uncontested stipulations and evidence in support of their claims.

The Court finds that it has the authority to enter this permanent injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure (governing Injunctions and Restraining Orders, generally) and 17 U.S.C. § 502(a) (authorizing the Court under the Copyright Act to "grant . . . [i]njunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright").

The Court finds based on the stipulation and the prima facie allegations set forth in the Declaration of Travis Patterson (ECF No. 1-A) that the elements necessary to establish a preliminary injunction are met. Therefore, the Court finds, as stipulated by the Parties:

> 1. That in the absence of this injunction, the Plaintiffs will suffer irreparable injury in the form of loss of reputation, goodwill, copyright dilution, and loss of potential business;
>
> 2. That Plaintiffs have succeeded on the merits of their claims given the admissions and agreement by Defendants and the default judgment being entered by the Court;
>
> 3. That the harm to the Plaintiffs in denying the request for the injunction far outweighs any harm to the Defendants in granting the injunction.

    4.    The Court further finds, and the parties have agreed, that there is a danger of recurrent violation of Plaintiffs' rights if the injunction is not entered.

*See, e.g., W.B. Music Corp. v. Big Daddy's Entm't, Inc.,* No. EP-05-CA-267-PRM, 2005 WL 2662553, at *3 (W.D. Tex. Oct. 18, 2005); *Artista Records, Inc. v. Kabani*, No. 3:03-CV-1191-H, 2004 WL 884445, at *4 (N.D. Tex. Apr. 23, 2004).

The permanent injunction granted herein shall be effective immediately and shall be binding on Defendants Rocket Verticals, Inc. ("Rocket"), Defendant Jasdeep Singh, and PROACCIDENTINJURYLAWYERS.COM (the "Website" and collectively "Defendants"), as well as each Defendants' agent, employee, attorney, affiliate, member, shareholder, or partners; and on those person in active concert or participation with Defendant who receive actual notice of this order by personal service or otherwise. The requirement of bond is waived.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that DEFENDANTS**, their agents, servants, employees, officers, associates, attorneys, affiliate, member, shareholder, or partner, as well as all persons acting by, through, or in concert with any of them, are **PERMANENTLY RESTRAINED AND ENJOINED** from:

(1) using or displaying Plaintiffs' images, likenesses, names, biographical information, trademarks, copyrights, logos, trade names, internet domain names, or any other source identifier or symbol of origin that is confusingly similar to Plaintiffs' marks or likely to dilute their distinctive quality;

4

(2) including any Plaintiffs' biographical information or images on the Website or on any of Defendants' websites or advertisements;

(3) Representing that Plaintiffs are associated with or affiliated with any Defendant;

(4) instructing Defendants' agents or employees to represent to the public that any Plaintiff is affiliated with any Defendant;

(5) engaging in any other act or practice that deceives consumers, the public, and/or trade, including without limitation, the use of designations, and design elements associated with Plaintiffs;

(6) creating or maintaining a lawyer referral website or advertisement that violates Texas State Bar rules; and/or

(7) holding themselves out as attorneys or legal specialists to the public on any public website or advertising platform.

## CONCLUSION

Because of the foregoing, the Court finds that it should and hereby does **GRANT** Plaintiffs' Motion for Default Judgment and request for Permanent Injunction.

**SO ORDERED** on this **25th day** of **January, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE